JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Claudia Garland appeals from the Eleventh Judicial District Court, Flathead County, order granting summary judgment to Balyeat Collection Professionals (BCP). We reverse and remand.
¶2 Claudia raises four issues on appeal. However, because we find the following issue dispositive, we do not address the other issues raised.
¶3 Did the District Court err in granting summary judgment to BCP?

Facts and Procedural Background

¶4 Randolph and Claudia Garland were married and have two children. In April 1997, Randolph moved out of the family home. In May 1997, Claudia filed a petition for divorce and on May 30,1997, the District Court issued a restraining order forbidding Randolph from coming within 500 feet of the family home.
¶5 Randolph received medical services from Kalispell Regional Medical Center (KRMC) in May and June of 1997. Randolph died on June 16, 1997. After his death, KRMC assigned the debt for Randolph’s medical services to BCP for purposes of collection.
¶6 Claudia served as personal representative of Randolph’s estate and claimed the family allowance as his surviving spouse. The only asset of the estate was a boat that Randolph had taken in payment for constructing a storage unit. Claudia sold the boat for approximately $7,000.00.
*466 ¶7 BCP filed this action against Claudia to recover the cost of Randolph’s medical services. Claudia filed a motion to dismiss under Rule 12(b), M.R.Civ.P., and the court held a hearing on the matter. At the hearing, the District Court informed the parties that it would treat the motion as one for summary judgment. Supplemental briefs were submitted after the hearing, and the court issued an order granting BCP summary judgment.
¶8 Claudia then filed a motion to alter or amend the judgment, and the District Court denied that motion. Claudia now appeals the court’s summary judgment order as well as its denial of her motion to alter or amend.

Discussion

¶9 We review a summary judgment order de novo based on the same criteria applied by the district court. Thomas v. Northwestern Nat. Ins. Co., 1998 MT 343, ¶ 14, 292 Mont. 357, ¶ 14, 973 P.2d 804, ¶ 14. Summary judgment is proper if, “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Rule 56(c), M.R.Civ.P.
¶10 Generally, a spouse is not liable for debts incurred by the other spouse. Section 40-2-106, MCA. However, “expenses for necessaries of the family ... are chargeable upon the property of both husband and wife.” Section 40-2-106, MCA. “Necessary articles” is broadly defined to include:
all such goods and services as are reasonably required to provide for the health, welfare, comfort, and education of the married person, his spouse, and minor children, taking into consideration the earnings, resources, and general standard of living of such persons.
Section 40-2-210, MCA.
¶11 When interpreting this statutory definition, this Court has also considered Black’s Law Dictionary definition that necessaries include “things indispensable, or things proper and useful, for the sustenance of human life.” Missoula YWCA v. Bard, 1999 MT 177, ¶ 14, 295 Mont. 260, ¶ 14, 983 P.2d 933, ¶ 14.
¶12 In the District Court, BCP argued that Randolph’s medical expenses were “necessaries of the family,” and therefore, under § 40-2-106, MCA, Claudia was responsible for the debt. Claudia argued that she was not responsible for the debt because she was legally separated from Randolph at the time he incurred the medical expenses and *467 because Randolph had not supported the family during that time.
¶13 The District Court relied on our holding in Bard and concluded that the medical expenses were necessaries. Additionally, the court concluded that because Claudia acted as personal representative of Randolph’s estate and received the family allowance as his surviving spouse, she was estopped from arguing in this case that she was not legally married to Randolph. Concluding that there were no factual disputes, the court entered judgment in favor of BCP.
¶14 On appeal, Claudia argues that § 40-2-104, MCA, is applicable here and provides an exception to the liability imposed in § 40-2-106, MCA. BCP argues that Claudia did not raise this statutory argument at the summary judgment hearing, therefore this Court should not address the issue on appeal.
¶15 Section 40-2-104, MCA, provides that,
a married person abandoned by his spouse is not hable for the spouse’s support until the spouse offers to return, unless the spouse was justified by the person’s misconduct in abandoning him, nor is a married person liable for support of a spouse who is living separate from him by agreement, unless such support is stipulated in the agreement.
¶16 It is true that Claudia did not cite § 40-2-104, MCA, until she filed her motion to alter or amend. In response to this argument, the District Court noted, “the constructive abandonment which Defendant now claims as grounds for avoiding the medical expense were ... testified to by Defendant. However, the Court chose to rely very little on that testimony.”
¶17 In our de novo review of a district court ruling on summary judgment, we are not bound by the legal authority presented in the district court. Thomas, ¶ 22. The District Court noted that Claudia raised the issue of abandonment in her testimony. Additionally, we note that Claudia argued at the summary judgment hearing that she and Randolph were separated at the time he incurred the medical expenses at issue here. Although she argued they were “legally separated,” rather than “living separate ... by agreement,” the issue of separation was clearly before the court. We conclude that the issues of abandonment and separation were raised in the District Court, and § 40-2-104, MCA, simply represents further legal support for those arguments.
¶18 Claudia does not argue on appeal that Randolph’s medical expenses were not “necessaries of the family.” They clearly fall within the definition of necessaries we articulated in Bard. Rather, Claudia argues that § 40-2-104, MCA, provides an exception to the liability *468 imposed by § 40-2-106, MCA, and that factual questions exist which preclude summary judgment.
¶19 We agree. Section 40-2-104, MCA, provides an exception to the liability imposed by § 40-2-106, MCA, if a spouse has been abandoned by the spouse incurring the debt or if the spouses are living separate by agreement. The District Court, citing Caekaert v. State Fund (1994), 268 Mont. 105, 115, 885 P.2d 495, 501 (stating that under the doctrine of judicial estoppel, we do not permit litigants to assert inconsistent and contradictory positions in separate litigation), concluded that Claudia’s role as personal representative in Randolph’s estate was impermissibly inconsistent with and contradictory to her argument in this case.
¶20 We disagree that Claudia’s argument here is inconsistent with her role in Randolph’s estate. Section 40-2-104, MCA, requires abandonment or separation by agreement to limit spousal liability. Section 72-3-502, MCA, which sets forth the priorities for appointment as personal representative for a deceased’s estate, states only, “the surviving spouse of the decedent.” There is nothing in that statutory framework that precludes an abandoned or separated spouse from acting as personal representative in the deceased spouse’s estate.
¶21 We conclude that Claudia’s role as personal representative for Randolph’s estate does not preclude her from arguing here that Randolph abandoned her or that she and Randolph were living separate by agreement. Furthermore, we conclude that genuine issues of material fact exist on the question of whether Randolph abandoned Claudia or, alternatively, whether they were living separate by agreement. These factual disputes precluded summary judgment.
¶22 In summary, we hold that § 40-2-104, MCA, provides an exception to the liability imposed on spouses in § 40-2-106, MCA. Additionally, we hold that there is a factual dispute in this case concerning abandonment or separation.
¶23 We remand to the District Court for further proceedings consistent with this opinion.
CHIEF JUSTICE GRAY, JUSTICES NELSON, REGNIER, COTTER and RICE concur.